**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

October 6, 2023

Gregory V. Varallo, Esquire
Bernstein Litowitz Berger & Grossman LLP
500 Delaware Avenue
Suite 901
Wilmington, DE 19801

Rudolf Koch, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

RE: ***In re Edgio, Inc. Stockholders Litigation***,
   Consol. C.A. No. 2022-0624-MTZ

Dear Counsel:

I write regarding the parties' settlement stipulation (the "Stipulation") and proposed scheduling order, both of which were filed on September 29, 2023.[1] As is typical with proposed settlements in this Court, the parties seek entry of the scheduling order, which "tentatively approves the form and content of the notice and sets forth the manner in which notice is to be given."[2] The Stipulation contemplates notice by publication in lieu of mailing, and the defendants filed a letter in support.[3] As explained below, the Court is amenable to service by

---

[1] Docket Item ("D.I.") 61 at Stipulation for Compromise & Settlement [hereinafter "Stip."]; D.I. 61 at Proposed Order.

[2] 2 Donald J. Wolfe & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 13.03[e], at 13-23 (2nd ed. 2022) [hereinafter "Wolfe & Pittenger"]; D.I. 61 at Proposed Order ¶ 10.

[3] D.I. 62 at Ltr.

publication if the parties provide additional information as to why publication is appropriate under the circumstances. Additionally, the notice to stockholders, attached as Exhibit C to the Stipulation (the "Notice"), is inadequate because it does not set forth the plaintiffs' theory of the case. The parties must submit a revised notice before the Court will approve the proposed scheduling order.

## I.    Notice By Publication

I begin with the parties' request that I allow notice exclusively by publication, as set forth in paragraph 10 of the Stipulation. That paragraph provides:

> (i) Defendants shall cause Edgio[, Inc.] to file a Form 8-K with the SEC that discloses the Settlement and attaches a copy of the Notice and this Stipulation as exhibits; (ii) Defendants shall cause Edgio to post a copy of the Notice and this Stipulation on Edgio's website; (iii) Co-Lead Counsel shall post a copy of the Notice and this Stipulation on the website of Bernstein Litowitz Berger & Grossmann LLP; and (iv) Defendants shall cause Edgio to post a copy of the Notice on Edgio's social media accounts on LinkedIn, X (formerly Twitter), Facebook, and Instagram.[4]

---

[4] Stip. ¶ 10.

Court of Chancery Rule 23 requires that parties notice a "proposed dismissal or settlement . . . in the manner directed by the Court."[5]  "Notice may be given by any appropriate means approved by the Court, including first-class U.S. mail, email, or publication."[6]  "Delaware courts will interpret the notice requirement so that it does not unduly burden the parties."[7]

Notice by mail supplemented by additional forms of notice will often satisfy Rule 23's requirements.[8]  But mailing notice can be expensive and impose an

---

[5] Ct. Ch. R. 23(f)(3).  Rule 23 was amended on September 25, 2023.  *In re: Amendments to Rules 7, 10, 17–25, and 171 of the Court of Chancery Rules, Sections, III, IV, and XVI* (Del. Ch. Sept. 25, 2023) (ORDER).

[6] Ct. Ch. R. 23(f)(3)(C).

[7] 1 R. Franklin Balotti & Jesse A. Finkelstein, *The Delaware Law of Corporations & Business Organizations* § 13.19[B], at 13-115 (4th ed. Supp. 2023-1).

[8] *See* 2 David A. Drexler et al., *Delaware Corporation Law and Practice* § 42.05[2], at 42-46 to -47 (2022) [hereinafter "Drexler"] ("Customarily, after a stipulation of settlement is filed, the parties submit and the Court enters a scheduling order which: . . . directs the notice be mailed to stockholders, and in some instances be published or otherwise disseminated by a specific date . . . ."); *see also* 7B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1797.6 (3d ed. Apr. 2023 update) [hereinafter "Wright & Miller"] ("Of course, notice by mail to all of the identified class members informing them of the proposed action and indicating that they have a right to participate and voice their objections will suffice."); *Qian Xiong Lin v. DJ's Int'l Buffet Inc.*, 2019 WL 5842798, at *5 (E.D.N.Y. Nov. 7, 2019) ("The typical methods for disseminating notice to putative collective action members are through the United States mail and by posting hard copies at Defendants' place of business.").

unnecessary burden where notice by publication would be adequate.[9] The Court may order notice by publication where notice by mail does not confer sufficient benefits to outweigh its relative cost. To aid the Court in making that determination, Rule 23 provides that "[t]he parties must provide the Court with information sufficient to rule on whether to require notice and in what form."[10] And the parties must show that notice by publication would "reach the majority of interested stockholders."[11]

Our case law provides examples of the ways parties can make this showing. One consideration is the cost of mailing,[12] which is best evaluated against the

---

[9] *See* 2 Wolfe & Pittenger § 12.03, at 12-35 ("Where the class is large, compliance with this notice requirement can be an expensive undertaking.").

[10] Ct. Ch. R. 23(f)(3)(B).

[11] *In re Madison Square Garden Ent. Corp. S'holders Litig.*, 2023 WL 3696664, at *2 (Del. Ch. May 26, 2023) (internal quotation marks omitted) (quoting *In re Wells Fargo & Co. S'holder Deriv. Litig.*, 445 F. Supp. 3d 508, 517–18 (N.D. Cal. 2020)).

[12] *See Madison Square Garden*, 2023 WL 3696664, at *1 (requiring notice by mail to record stockholders and considering the "modest" cost of "between $75,000 and $83,876"); *Franchi v. Barabe*, C.A. No. 2020-0648-KSJM, at D.I. 50 (Del. Ch. May 3, 2022) (ORDER) (allowing notice by publication and reasoning "roughly $30,000" in mailing costs would be meaningful to the company); *Rux v. Meyer*, C.A. No. 11577-CB, at D.I. 95 (Del. Ch. Oct. 23, 2009) (ORDER) (allowing notice by publication and considering that "a mailing would involve printing and mailing of an estimated 340,000 notices at cost of several hundred thousand dollars (plus brokerage search costs)"); *see also* 7C Wright & Miller § 1839 ("If there is an extremely large number of stockholders so that the cost of mailing the notice would be burdensome, the court may decide to allow the notice to be published in appropriate newspapers or periodicals.").

company's size and financial condition.[13]   Another consideration is whether the

company has historically communicated with its stockholders via mail, or if it

frequently uses electronic means.[14]   The Court has also considered the extent to

which the proceedings are covered by the press,[15] the percentage of shares held by

institutions as opposed to individuals,[16] and the trading volume of the company's

---

[13] *See Thiele v. Kashiv Biosciences, LLC*, C.A. No. 2022-0272-LWW, at D.I. 64 (Del. Ch. May 15, 2023) (ORDER) (allowing notice by publication and considering the company's market capitalization of $566 million); *Franchi*, C.A. No. 2020-0648-KSJM, at D.I. 50 (allowing notice by publication in part because the company was "a small clinical-stage biotechnology company").

[14] *Madison Square Garden*, 2023 WL 3696664, at *1 (requiring notice to record holders by mail and considering that the company "'does occasionally communicate with stockholders of record by paper mail as appropriate,' including providing 'proxy statements to record holders by paper mail'" (citation omitted)); *Thiele*, C.A. No. 2022-0272-LWW, at D.I. 64 (allowing notice by publication and considering that the company "does not normally distribute paper materials to its stockholders but communicates through the 'notice only' option offered by the SEC to avoid the cost and expense of mailing, which has successfully produced a quorum for annual meetings"); *Franchi*, C.A. No. 2020-0648-KSJM, at D.I. 50 (allowing notice by publication and considering that the company "routinely communicates with stockholders through the 'notice only' option provided by the SEC, which has successfully produced [a] quorum").

[15] *See In re AMC Ent. Hldgs., Inc. S'holder Litig.*, 2023 WL 5165606, at *16 (Del. Ch. Aug. 11, 2023); *City of Monroe Emps.' Ret. Sys. v. Murdoch*, C.A. No. 2017-0833-AGB, at D.I. 17 (Del. Ch. Nov. 28, 2017) (ORDER) ("Given the significant amount of press attention this settlement has received, the Court is satisfied with the manner of providing notice set forth in paragraphs 6–7 and will not require a mailing.").

[16] *Dollens v. Goosehead Ins., Inc.*, C.A. No. 2022-1018-JTL, at D.I. 17 (Del. Ch. Oct. 3, 2023) (ORDER) (allowing notice by publication where approximately 99% of the defendant's stock was held by institutional investors); *AMC*, 2023 WL 5165606, at *16 ("The Company distributed notice electronically and by publication: on AMC's investor relations website, on AMC's Twitter account, via a Form 8-K, over *PR Newswire*, and on

stock.[17]   Additionally, the parties should explain why they have chosen the forms of notice they seek.[18]   Armed with this information, the Court can consider whether the proposed forms of notice are sufficient under the circumstances.

Here, the defendants argue that mailing should not be required because (1) "[a]s a technology company, Edgio's stockholders frequently receive communications about the company through notice by publication"; (2) Edgio is "a modestly sized public company"; (3) the expense of mailing "would burden Edgio financially and there is no reason to believe it would provide any meaningful countervailing benefit"; and (4) "the nature of the settlement, including the lack of payment to stockholders, further supports the position that notice by publication is appropriate in light of the likely costs of effecting notice by mail."[19]   The

---

Depository Trust Company's Legal Notice System.  In most instances, for publicly traded companies with a higher percentage of institutional stockholders, this is enough [for beneficial holders]." (footnote omitted)).

[17] *Madison Square Garden*, 2023 WL 3696664, at *1 (allowing notice by publication to beneficial stockholders and considering that the company "averages trading volumes in the hundreds of thousands of shares per day").

[18] *See In re AMC S'holder Litig.*, Consol. C.A. No. 2023-0215-MTZ, at D.I. 175 at 3–5 (Del. Ch. Apr. 28, 2023).

[19] D.I. 62 at Ltr. at 3–4.  The defendants also cited the former version of Rule 23.1 as the governing standard for this class action governed by Rule 23.

defendants note that Edgio has 224,956,212 shares of common stock outstanding and 246 stockholders of record.[20]

These broad statements, unsupported by any facts, have not provided the Court "with information sufficient to rule on whether to require notice and in what form," as required by our rules.[21] First, it is not clear what types of communications Edgio stockholders have received through electronic means or what those means were; the fact that Edgio is itself a "technology company" does little to inform how it has historically communicated with its stockholders. Second, an argument that mailing is too expensive should be supported by information about the company's size and market capitalization; Edgio merely refers to itself as "modestly sized."[22] Third, that argument should also be supported by an estimated cost of mailing notice, and postcard notice, to Edgio's

---

[20] *Id.* at 4 n.1.

[21] Ct. Ch. R. 23(f)(3)(B).

[22] The Stipulation provides that the "Defendants shall pay any and all Notice Costs regardless of the form or manner of notice ordered by the Court." Stip. ¶ 11. For purposes of this letter, and consistent with the phrasing of the defendants' letter, I assume that Edgio will incur the mailing expenses. *See* 2 Wolfe & Pittenger § 13.03[e], at 13–25 ("Typically, the corporate defendant undertakes the task and expense of mailing the requisite notice of settlement to stockholders or class members.").

record and beneficial stockholders.[23]  Fourth, it is unclear how the "nature of the settlement" supports forgoing notice by mail.  If the defendants contend the Court should consider the nature of the settlement, they should explain their position and state the legal basis for it.

The parties must also provide support for their chosen forms of notice.  First and foremost, they should inform the Court whether notice by email would be feasible, and if not, why.[24]  The parties must also explain why posting on their respective social media accounts is likely to reach a significant portion of Edgio's stockholders; relevant information might include whether Edgio communicated with its stockholders on the specified social media platforms.

The Court is amenable to allowing notice by publication.  Once the parties provide additional information, the Court will determine whether the proposed means are appropriate under the circumstances.

---

[23] At times, the Court requires settlement notices to be sent to only record stockholders. *See In re Activision Blizzard, Inc. S'holder Litig.*, 124 A.3d 1025, 1061 (Del. Ch. 2015). The parties should provide separate cost estimates for sending notice to record and beneficial stockholders.

[24] *Madison Square Garden*, 2023 WL 3696664, at *1 (explaining the Court previously sent a letter to the parties asking if "giving notice by email or social media would be a viable option").

## II.   The Notice Is Inadequate As Currently Drafted.

Additionally, the Notice is inadequate.  Court of Chancery Rule 23(f)(D)(iv) requires that, "[u]nless the Court orders otherwise, the notice of a proposed dismissal or settlement must clearly and concisely state, in plain, easily understood language[,] . . . a summary of the claims, issues, defenses, and relief that the class action sought," among other things.[25]

Here, the complaint's theory is that Edgio's board of directors caused Edgio to acquire College Parent, L.P. and enter into a stockholders' agreement as part of a scheme to entrench itself in the face of an activist threat.[26]  That is also the theory that the parties briefed and argued at the motion to dismiss stage.[27]  My motion to

---

[25] Ct. Ch. R. 23(f)(3)(D); *see also* 2 Drexler §  42.05[3], at 42-47 ("[T]he notice must disclose the nature of the action as set forth in the pleadings, the evidence, [and] the positions taken by the parties . . . ." (citing *Prince v. Bensigner*, 244 A.2d 89, 92 (Del. Ch. 1968)); 2 Wolfe & Pittenger § 13.03[e], at 13-26 ("[Notice] is sufficient if the notice outlines the pleadings, the evidence assembled, and the parties' claims and positions . . . .").

[26] *See, e.g.*, D.I. 1 at Compl. ¶ 80 ("[T]he Director Defendants breached their fiduciary duties to Plaintiff and the Class by prioritizing their own personal, financial, and/or reputational interests and approving the Acquisition and the Stockholders' Agreement, which they used to entrench themselves . . . .").

[27] *See, e.g.*, D.I. 25 at 1 ("The Complaint alleges an unusual claim that garden-variety standstill provisions entered into pursuant to a stock issuance approved by independent directors and disinterested stockholders are per se entrenchment devices that merit enhanced scrutiny."); D.I. 29 at Ans. Br. 2 ("[T]he Board used [provisions in the stockholders' agreement] to entrench themselves in office.").

dismiss ruling held that "it [was] reasonable to infer that the Board negotiated for and obtained [provisions in the stockholders' agreement] to defend against a perceived threat of activism" and that "*Unocal* enhanced scrutiny applie[d] at the pleading stage."[28]  While the Notice explains the stockholders' agreement's relevant terms, it describes the underlying action only as "asserting a claim for breach of fiduciary duty in connection with the Board's approval of the [College Parent] Acquisition and the Stockholders' Agreement."[29]  The only reference to the motion to dismiss decision reads, in full:  "On May 1, 2023, the Court issued a Memorandum Opinion denying the Motion to Dismiss."[30]  The Notice's discussion of the relevant claims and issues does not tell stockholders what the plaintiffs claimed the defendants did wrong.  It falls short of Rule 23's requirements.[31]  The parties must amend the Notice to provide a summary of the claims and issues in the case.

---

[28] *In re Edgio, Inc. S'holders Litig.*, 2023 WL 3167648, at *17 (Del. Ch. May 1, 2023) (discussing *Unocal Corp. v. Mesa Petroleum Co.*, 493 A.2d 946 (Del. 1985)).

[29] Stip., Ex. C ¶ 10; *see also id.* ¶ 11 (same).

[30] *Id.* ¶ 19.

[31] Ct. Ch. R. 23(f)(3)(D).

### III.    Conclusion

If the parties wish to proceed with their request to notice the settlement by publication in lieu of mailing, they must provide additional information to enable the Court to assess whether such notice is appropriate under the circumstances. The Court will require that notice be given at least sixty days in advance of the hearing currently scheduled for December 15, 2023.  If the parties intend to keep that date, they should provide this information and made the requested revisions as soon as possible.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc:  All Counsel of Record, via *File & ServeXpress*